–

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROLAND CARLISLE,                          :
                                          :
              Plaintiff,                  :
                                          :      CIVIL ACTION
   -v-                                    :
                                          :      FILE NO. 1:14-cv-00515-TWT-LTW
NATIONAL COMMERCIAL                       :
SERVICES, INC., EXPERIAN                  :
INFORMATION SOLUTIONS, INC., :
TRANS UNION, LLC, and EQUIFAX :
INFORMATION SERVICES, LLC,                :
                                          :
              Defendant.                  :
                                          :
_____          :

**JOINT PRELIMINARY REPORT AND DISCOVERY SCHEDULE**

**1.      Description of Case:**

**(a)      Describe briefly the nature of this action:**

_Plaintiff's Response:_

Plaintiff Roland Carlisle (hereinafter referred to as "Mr. Carlisle" or

"Plaintiff") brings this action under the Fair Credit Reporting Act, ("FCRA"), 15

U.S.C. § 1681(p), _et seq._ seeking actual and punitive damages against Defendant

Experian Information Solutions, Inc. ("Experian"), Defendant Equifax Information

Services, LLC ("Equifax") and Defendant Trans Union, LLC ("Trans Union") for their negligent and willful violations of FCRA.  Plaintiff also seeks to impose liability under FCRA against Defendant National Commercial Services, Inc. ("NCS") as a "furnisher" of information who negligently and willfully violated FCRA.  Mr. Carlisle brings claims under the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.* against Defendants Experian, Equifax and Trans Union based on their violations of FCRA.

Under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692k(d), Plaintiff seeks statutory and actual damages against Defendant National Commercial Services, Inc. ("NCS") for, *inter alia*, furnishing information regarding an alleged debt to Defendants Experian, Equifax and Trans Union without notifying them that Mr. Carlisle disputed the debt, failing to send Mr. Carlisle the Section 1962g notice and misrepresenting the character,  amount and status of the debt NCS reported.

Additionally, Mr. Carlisle brings supplemental state law claims under the FBPA against Defendant NCS for engaging in "unfair and deceptive acts and practices" in violation of the FBPA based on its violations of the FDCPA and seeks actual, treble and punitive damages therefor.

*Defendant Experian's Response*

Except as admitted in Experian's Answer, Experian denies each and every allegation of Plaintiff's Complaint that relates to Experian.  Experian contends that it has at all times, complied with the FCRA.  Experian denies causing any damage to Plaintiff and puts Plaintiff on strict proof of same.

**(b)   Summarize in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

*Plaintiff's Summary:*

This action concerns a debt allegedly owed by Mr. Carlisle to Thrifty Auto Rental, Inc. ("Thrifty") arising from Mr. Carlisle's short-term rental of a motor vehicle.  After the rental terminated and the vehicle was returned to Thrifty, Thrifty claimed that additional monies were owed under the rental agreement (hereinafter referred to as the "Thrifty Debt") which Mr. Carlisle disputed.

Thrifty referred the Thrifty Debt for collection to Defendant NCS, a debt collector.   In March 2013, Mr. Carlisle had a phone conversation with a representative of NCS in which he disputed that he owed the Thrifty Debt. Subsequent to the phone conversation, NCS reported the Thrifty Debt to Defendants Equifax, Experian and Trans Union as being in collection and that a

balance of $1,782.00 was owing but failed to inform Defendants Experian, Equifax and Trans Union that Mr. Carlisle disputed the debt.   Defendant NCS never informed Mr. Carlisle in writing or otherwise of his rights under 15 U.S.C. § 1692g.

After the Thrifty Debt appeared as a "tradeline" on Mr. Carlisle's credit reports with Defendants Experian, Equifax and Trans Union, his Credit Score plummeted over 200 points.

Mr. Carlisle disputed the NCS tradeline with Defendants Experian, Equifax and Trans Union.   Despite the fact that Mr. Carlisle presented significant information establishing the invalidity of the Thrift Debt to Defendants Equifax, Defendant Experian and Defendant Trans Union, none of the three conducted a reasonable investigation of the Debt and the tradeline remained on Mr. Carlisle's credit report.   Further, after being notified by Defendants Experian, Equifax and Trans Union of Mr. Carlisle's dispute, Defendant NCS did not conduct a reasonable investigation of Mr. Carlisle's disputes and thereby incurred liability as a furnisher under FCRA.

Because of the inaccurate tradeline NCS furnished and the other Defendants failed to remove, Mr. Carlisle experienced increased costs for obtaining credit,

4

damage to his credit standing, emotional distress resulting from the harm to his credit standing and creditors declining his credit applications and loss of the ability to apply for credit.   Mr. Carlisle seeks actual and punitive damages against Defendant NCS, Defendant Equifax, Defendant Experian and Defendant Trans Union for their violations of FCRA and of the FBPA.

Because of Defendant NCS's abusive, deceptive and unfair collection actions, Plaintiff seeks to recover statutory damages and actual damages including emotional and mental distress damages under the FDCPA.  Because of Defendant NCS's willful violations of the FPBA, Plaintiff is entitled to punitive damages and treble damages.

Mr. Carlisle filed this action to restore and protect his credit rating and seeks redress for injuries to him as a consumer caused by Defendants' violations of FCRA, the FDCPA and the FBPA.

_Defendant's Trans Union's Summary:_

As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff. Upon information and belief, Trans Union properly investigated

Plaintiff's dispute as required by the FCRA, updated the information as appropriate, and timely reported the results of those investigations to the Plaintiff.

At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.  Trans Union accepted information regarding Plaintiff from reliable sources.  Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under § 1681 s-2(b). Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of the Plaintiff, and Trans Union has fully complied with the FCRA.  Trans Union will also show that any alleged damage suffered by the Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by any furnisher.  Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**6**

*Equifax's Summary:*

Equifax is a consumer reporting agency, as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., and is regularly engaged in the preparation of consumer reports as defined by § 1681a(f).   Equifax maintains reasonable procedures designed to assure the maximum possible accuracy of the information it reports about consumers.   Upon information and belief, Equifax accurately reported credit information with regard to the Plaintiff concerning the NCS tradeline.   Equifax investigated Plaintiff's disputes concerning the tradeline as required by the FCRA and notified the furnisher of the information of Plaintiff's disputes.   In response to each dispute, Equifax timely reported the results of those reinvestigations to Plaintiff.   Except as admitted in Equifax's Answer to Plaintiff's Complaint, Equifax denies each and every allegation of Plaintiff's Complaint as those allegations pertain to Equifax.    Even if Plaintiff has suffered any compensable damages, Equifax is not responsible for the injuries of which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies.   Equifax has not completed its investigation concerning the facts and circumstances surrounding this case and this statement of facts and defenses is based on facts currently known to Equifax.   Equifax makes this statement without

waiving any defense and reserves the right to supplement this statement as the facts are developed.

   *Defendant Experian's Response*

   Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Plaintiff filed suit against Experian under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Plaintiff alleges that Experian failed to comply with the requirements set forth in §§ 1681 *et seq.* of the FCRA. Experian denies that it failed to comply with the requirements set forth under the FCRA and denies that it is liable to Plaintiff. Experian denies that Plaintiff suffered damage as a result of any wrongful actions of Experian.

   Experian bases this statement on the facts and information currently available to it. In making this statement, Experian does not waive any defenses it has asserted in response to Plaintiff's Complaint, and since discovery has not yet commenced, Experian respectfully reserves the right to supplement its summary as this case and the facts develop.

   **(c) The legal issues to be tried are as follows:**

   *Plaintiff's Legal Issues:*

   (1)    Whether Defendant NCS is liable to Plaintiff under the Fair

**8**

–

Debt Collection Practices Act for actual and statutory damages together with costs and attorneys' fees because:

A.    Defendant NCS failed to provide Plaintiff notice of his rights under the FDCPA in violation of 15 U.S.C. §1692g;

B.    In reporting the Thrifty Debt to Equifax, Trans Union and Experian Defendant NCS failed to report the debt as disputed in violation of 15 U.S.C. §1692e(8);

C.    Defendant NCS falsely represented character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A)?

(2)    Whether or not Defendant Equifax has violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Mr. Carlisle and, if so, is Defendant Equifax liable to Plaintiff for compensatory and/or statutory, and punitive damages together with costs and attorneys' fees for its violations of  15 U.S.C. § 1681e(b);

(3)    Whether or not Defendant Experian has violated 15 U.S.C. 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it

published and maintained concerning Mr. Carlisle and, if so, is Defendant Experian liable to Plaintiff for compensatory and/or statutory, and punitive damages together with costs and attorneys' fees for its violations of 15 U.S.C. § 1681e(b);

(4)   Whether or not Defendant Trans Union has violated 15 U.S.C. 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Mr. Carlisle and, if so, is Defendant Trans Union liable to Plaintiff for compensatory and/or statutory, and punitive damages together with costs and attorneys' fees for its violations of 15 U.S.C. § 1681e(b);

(5)   Whether or not Defendant Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Mr. Carlisle's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to NCS; by failing to maintain reasonable procedures with which to filter and verify disputed information in Mr. Carlisle's credit file; and by relying upon a verification from a source whose unreliability has been demonstrated and, if so, is Equifax liable to Plaintiff for compensatory and/or statutory, and punitive damages together with costs and  attorneys' fees for its violations of 15 U.S.C. § 1681i?

(6)   Whether or not Defendant Trans Union has violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Mr. Carlisle's credit file after

receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to NCS; by failing to maintain reasonable procedures with which to filter and verify disputed information in Mr. Carlisle's credit file; and by relying upon verification from a source it has reason to believe is unreliable and, if so, is Defendant Experian liable to Plaintiff for compensatory and/or  statutory, and punitive damages together with costs and attorneys' fees for its violations of  15 U.S.C. § 1681e(b);

(7)    Whether or not Defendant Experian has violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Mr. Carlisle's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to NCS; by failing to maintain reasonable procedures with which to filter and verify disputed information in Mr. Carlisle's credit file; and by relying upon verification from a source it has reason to believe is unreliable and, if so, is Defendant Experian liable to Plaintiff for compensatory and/or  statutory, and punitive damages together with costs and attorneys' fees for its violations of  15 U.S.C. § 1681i?

(8)    Whether or not Defendant NCS has violated 15 U.S.C. § 1681s-2(b) by continuing to assert that monies were owed by Mr. Carlisle on the Thrifty Debt in response to verification requests from Trans Union, Experian and Equifax by failing to fully and properly investigate Mr. Carlisle's dispute that no amounts

were owed on the Thrifty Debt; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian and Trans Union verification requests; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Thrifty Debt representations to consumer reporting agencies and, if so, is Defendant NCS liable to Plaintiff for compensatory and/or statutory, and punitive damages together with costs and attorneys' fees for its violations of 15 U.S.C. § 1681s-2(b)?

(9)    Whether or not Defendant NCS's violations of the Fair Debt Collection Practices Act constitute violations of, or willful and intentional violations, of the Fair Business Practice Act and, if so, is Plaintiff entitled to actual damages, treble damages and punitive damages together with costs and attorneys' fees for Defendant NCS's violations of the FBPA?

(10)    Whether or not Defendant Experian's violations of the Fair Credit Reporting Act constitute violations of, or willful and intentional violations, of the Fair Business Practice Act and, if so, is Plaintiff entitled to actual damages, treble damages and punitive damages together with costs and attorneys' fees for Defendant Experian's violations of the FBPA?

(11)    Whether or not Defendant Trans Union's violations of the Fair Credit Reporting Act constitute violations of, or willful and intentional violations

of, the Fair Business Practice Act and, if so, is Plaintiff entitled to actual damages, treble damages and punitive damages together with costs and attorneys' fees for Defendant Trans Union's violations of the FBPA?

*Defendants' Legal Issues*:

(1)    Whether Plaintiff can recover for collaterally attacking the legal validity of a debt appearing on Plaintiff's Trans Union consumer report.

(2)    Whether Plaintiff can recover for collaterally attacking the legal validity of a debt appearing on Plaintiff's Equifax consumer report.

(3)    Whether Plaintiff suffered any compensable damages arising from any act or omission of Equifax.

*Defendant Experian's Legal Issues*

1)    Whether Defendant Experian followed reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit reports as required by the FCRA, 15 U.S.C. § 1681e(b);

2)    Whether Defendant Experian conducted a reasonable reinvestigation into Plaintiff's disputes as required by FCRA, 15 U.S.C. § 1681i;

3)    If a violation of the FCRA is determined to have occurred,

whether Defendant Experian's conduct was willful or negligent;

4) Whether any causal link exists between each of the Defendants' alleged actions and the Plaintiff's alleged damages;

5) Whether the Plaintiff is entitled to actual damages pursuant to FDCPA, the FCRA, the GFBPA or any other state law raised by Plaintiff in his complaint;

6) The amount of actual damages to be awarded to the Plaintiff;

7) Whether the Plaintiff is entitled to statutory damages pursuant to FDCPA or the FCRA;

8) The amount of statutory damages to be awarded to the Plaintiff;

9) Whether Plaintiff is entitled to attorneys' fees;

10) The amount of attorney's fees and costs to be awarded, if any, in this action pursuant to either the FDCPA, the FCRA, the GFBPA, or any other theory of recovery raised by the Plaintiff or as the court may award;

11) Whether Plaintiff has satisfied all conditions precedent to assert a claim under Georgia's Fair Business Practices Act;

12) Whether Defendant Experian violated the Georgia Fair Business Practices Act;

13) Whether Defendant Experian violated Georgia tort law with

respect to Plaintiff;

14)    Whether Plaintiff is entitled to punitive damages under the

FCRA;

15)    The amount of any punitive damages to be awarded to Plaintiff

under the FCRA;

16)    The amount of any treble or exemplary damages to be awarded to

Plaintiff under the GFBPA.


(d)    **The cases listed below (include both style and action number)**

**are:**

(1)    **Pending Related Cases:** None

(2)    **Previously Adjudicated Cases:** None known.


2.    **This case is complex because it possesses one (1) or more of the features**

**listed below (please check):**

__ (1) Unusually large number of parties

__ (2) Unusually large number of claims or defenses

__ (3) Factual issues are exceptionally complex

__ (4) Greater than normal volume of evidence

__ (5) Extended discovery period is needed

–

**__ (6) Problems locating or preserving evidence**

**__ (7) Pending parallel investigations or action by**

government

**__ (8) Multiple use of experts**

**__ (9) Need for discovery outside the United States boundaries**

**__ (10) Existence of highly technical issues and proof**

At this juncture, the Parties do not view this case as complex          .

**3.      Counsel:**

**The following individually named attorneys are hereby designated as lead**

counsel for the parties:

Plaintiff:                    Dwight Bowen
                              235 Peachtree Street, NE
                              North Tower Suite 400
                              Atlanta, GA 30303-1400

–

| | |
|---|---|
| Defendant Trans Union, LLC: | Alex M. Barfield<br>Hawkins Parnell Thackston & Young LLP<br>4000 SunTrust Plaza<br>303 Peachtree Street, NE<br>Atlanta, GA 30308-3243 |
| Defendant Experian Information Solutions, Inc.: | Mary Ellen Robinson<br>JONES DAY<br>1420 Peachtree Street NE<br>Suite 1420<br>Atlanta, Georgia 30309-3048 |
| Defendant Equifax Information Services, LLC: | K. Ann Broussard<br>King &Spalding LLP<br>1180 Peachtree Street N.E.<br>Atlanta, Georgia 30309-3521 |

**4.    Jurisdiction:**

**Is there any questions regarding this Court's jurisdiction**?

__  Yes                    _X_ No

**5.    Parties To This Action:**

   **(a)    The following persons are necessary parties who have not**

**been joined:**      None.

**(b)**     **The following persons are improperly joined as parties:**  None.

**(c)**     **The names of the following parties are either inaccurately stated or necessary potions of their names are omitted:** None.

**(d)**     **The parties shall have a continuing duty to inform the Court of any contention regarding unnamed parties necessary to this action or any contention regarding misjoinder or parties or errors in the statement of a party's name.**

6.     **Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of FED. R. CIV. P. 15.  Further instructions regarding amendments are contained in Local Rule 15.**

**(a)**     **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

**(b)**     **Amendments to the pleadings submitted *LATER THAN THIRTY (30) DAYS* after the Preliminary Report and Discovery Schedule is filed or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Time for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions should be filed *WITHIN THIRTY (30) DAYS* after the Preliminary Report and Discovery Schedule is filed or should have been filed, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

    **(a)**    *Motions to Compel*:  Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

    **(b)**    *Summary Judgment Motions*:  Within *TWENTY (20)* days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

    **(c)**    *Other Limited Motions*:  Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    **(d)**    *Motions Objecting to Expert Testimony*:  <u>Daubert</u> motions with regard to expert testimony no later than the date the proposed pretrial order is submitted.

19

8.    **Initial Disclosures**

**The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26.  If any party objects that the initial disclosures are not appropriate, state the party and basis for the party's objections.**

9.    **Request for Scheduling Conference.**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

At this time, the Parties do not request a scheduling conference with the Court.


10.   **Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in Local Rule 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks:  (a) zero (0) - months discovery period; (b) four (4) - months discovery period; and (c) eight (8) - months discovery period.  A chart**

**showing the assignment of cases to a discovery track by filing category is**

**contained in Appendix F.  The track to which a particular case is assigned is**

**also stamped on the Complaint and service copies of the Complaint at the time**

**of filing.**

   **Please state below the subjects on which discovery may be needed:**

*Plaintiff's Summary*

Plaintiff anticipates conducting discovery regarding the Defendant Credit

Reporting Agencies ("CRAs") policies and procedures to maintain the maximum

possible accuracy of their files.  Plaintiff anticipates conducting discovery

regarding the  contents of each Defendants' files regarding the information therein

related to Plaintiff and the Thrifty Auto Rental debt (the "Thrifty Debt") allegedly

owed by Plaintiff.  Plaintiff anticipates conducting discovery regarding information

sent to Defendant CRAs by Defendant NCS.  With respect to Plaintiff's disputing

of the Thrifty Debt with the Defendant CRAs, Plaintiff will examine what steps the

Defendant CRAs took to investigate the information and to communicate with

Defendant NCS and how the CRAs evaluated NCS's response.  Plaintiff will

conduct discovery regarding whether Defendant NCS violated the FDCPA and/or

the FCRA with respect to its attempts to collect the Thrifty Debt and its reporting

and reinvestigation of the debt.   Plaintiff anticipates sending interrogatories,

request for production and requests for admissions as well as noticing witnesses for depositions.

_Trans Union's Summary:_

Defendant Trans Union anticipates conducting discovery on the following: facts and circumstances surrounding each and every allegation in Plaintiff's complaint; the Plaintiff's financial and consumer history, including Plaintiff's deposition and third-party discovery and depositions; Plaintiff's alleged damages, including any records subpoenas and depositions that may be needed regarding Plaintiff's damages; the facts and circumstances surrounding the subject account, which Plaintiff disputes, including documents relating to the account, and any third parties who have allegedly denied Plaintiff credit.

_Equifax's Summary:_

Defendant Equifax anticipates conducting discovery on the following: facts and circumstances surrounding each and every allegation in Plaintiff's complaint; the Plaintiff's financial and consumer history, including Plaintiff's deposition and third-party discovery and depositions; Plaintiff's alleged damages, including any

records subpoenas and depositions that may be needed regarding Plaintiff's damages; the facts and circumstances surrounding the subject account, which Plaintiff disputes, including documents relating to the account, and any third parties who have allegedly denied Plaintiff credit.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail:**

Plaintiff's Response:

Discovery may be difficult to complete in four (4) months, particularly, if this case proceeds with four (4) Defendants, one of which, National Commercial Services, Inc. ("NCS"), is a California corporation.  Plaintiff anticipates that the Parties will be able to complete their initial written discovery within four months.

Plaintiff has concerns that additional time may be necessary to complete follow up written discovery, if necessary.  Additional time may be necessary to complete discovery if the parties need to resolve objections to discovery and may need to serve follow up discovery requests.  Additional time for discovery may be needed if more than one or two depositions are needed requiring the coordination of five sets of attorneys to take depositions.   A problem arose regarding service of

the Complaint on Defendant NCS.   On June 19, 2014, Defendant NCS was properly served with an Answer date on July 10, 2014.   Plaintiff's counsel is scheduled to be on vacation from July 21, 2014 through July 28, 2014.

**11. Discovery Limitations:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties hereto agree that each deposition is limited to one day for a maximum of seven hours, exclusive of breaks, unless otherwise agreed to by the parties or ordered by the Court or where the deposition is directed to an organization pursuant to Federal Rule of Civil Procedure 30(b)(6).   Each deposition directed to an organization pursuant to Federal Rule of Civil Procedure 30(b)(6) is limited to a maximum of ten hours total for each organization unless otherwise agreed to by the parties or ordered by the Court.

The parties additionally agree that in the event privileged documents or communications are inadvertently produced, such will be returned to the producing party and will not be used in this litigation until the Court has made a determination as to the admissibility of such materials.   The parties agree that

24

producing documents and other communications inadvertently will not operate as a waiver of privilege.

The parties agree to the submission and receipt of written discovery requests and responses by electronic means as allowable under applicable federal and local rules.

The parties do not anticipate the need for any further limitations on discovery at this time. The parties reserve the right to seek discovery beyond the limits set forth above by leave of Court, for good cause shown.

## 12. Other Orders:

**What other orders do the parties think that the Court should enter under Rule 26 (c) or under Rule 16(b) and (c).**

The parties agree that a stipulated protective order should be entered by the Court to govern the use and disclosure of trade secrets and other confidential research, development, and commercial information. The parties will submit a draft stipulated protective order for consideration by the Court.

13.   **Settlement Potential**

(a)   **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 23, 2014 and that they participated in settlement discussions, as required by Local Rule 16.1. Other persons who participated in the settlement discussions are listed according to party.**

Lead Counsel for Plaintiff Roland Carlisle:

*/s/ Dwight Bowen*
Dwight Bowen
Law Office of Dwight Bowen
Georgia Bar No. 071150
235 Peachtree Street, NE
Suite 400
Atlanta, GA 30303
(404) 880-3310
Facsimile (404) 880-3332
Email: *dbowen9@aol.com*

Other participants:  None

Lead Counsel for Defendant Trans Union, Inc.:

*/s/ Alex M. Barfield*
Alex M. Barfield
Hawkins Parnell Thackston & Young LLP
Georgia Bar No. 037147
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308-3243

Telephone: (404) 614-7400
Facsimile: (404) 614-7500
Email: *abarfield@hptylaw.com*

Other Participants:

Alyson V. Blatney
Strasburger & Price, LLP
2801 Network Boulevard, Suite 600
Frisco, Texas 75034

Lead Counsel for Defendant Experian Information Solutions, Inc.

*/s/ Mary Ellen Robinson*
 Mary Ellen Robinson
 Georgia Bar No.: 195077
 JONES DAY
 1420 Peachtree Street NE
 Suite 1420
 Atlanta, Georgia  30309-3048
 Tel. (404) 581-8360
 Email: *merobinson@jonesday.com*

Lead Counsel for Equifax Information Services, LLC:

*/s/ K. Ann Broussard*
 K. Ann Broussard (Ga. Bar No. 100142)
 King & Spalding LLP
 1180 Peachtree Street N.E.
 Atlanta, Georgia 30309-3521
 Tel: (404) 572-4600
 Fax: (404) 572-5100
 Email: *abroussard@kslaw.com*

–

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(  X  ) A possibility of settlement before discovery.

(  X  )  A possibility of settlement after discovery.

(____)   A possibility of settlement, but a conference with the judge is needed.

(c)  Counsel (  X  )  do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.   The proposed dated of the next settlement conference is to be determined.

**(d)    The following specific problems have created a hindrance to settlement of this case:**

*Parties' Response:* Differing views on the facts and the applicable law.

14.    **Trial by Magistrate Judge:**

**(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day ____, of 20___.**

**(b)     The parties ( _X_ ) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this _____ of July, 2014.


_/s/ Dwight Bowen_
Dwight Bowen
Counsel for Plaintiff Roland Carlisle
Georgia Bar No. 071150
235 Peachtree Street, NE
Suite 400
Atlanta, GA 30303
(404) 880-3310
Facsimile (404) 880-3332
Dbowen9@aol.com


_/s/ K. Ann Broussard_
_K. Ann Broussard (Ga. Bar No. 100142)_
Counsel for Equifax Information Services, LLC
King &Spalding LLP
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: abroussard@kslaw.com

–

*/s/ Mary Ellen Robinson*
Mary Ellen Robinson
Georgia Bar No.: 195077
Counsel for Experian
Information Solutions, Inc.
JONES DAY
1420 Peachtree Street NE
Suite 1420
Atlanta, Georgia 30309-3048
Tel. (404) 581-8360
Email: merobinson
@jonesday.com


*/s/ Alex M. Barfield*
Alex M. Barfield
Hawkins Parnell Thackston &
Young LLP
Counsel for Trans Union, LLC
Georgia Bar No. 037147
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
Email: *abarfield@hptylaw.com*

31

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Schedule form completed and filed by the parties, the court orders that the time limits for adding parties, amending pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above-completed form, except as herein modified:

_____

_____

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2014.


                                _____
                                Thomas W. Thrash, Jr.
                                United States District Court
                                Judge

**32**